GULOTTA, Judge.
Defendant, the divorced husband, appeals from a judgment ordering partition *558 by licitation of the community property. It is Steadman’s contention, on appeal, that the trial judge erred: 1) in ordering all of the community assets to be placed in possession of the auctioneer when the petition seeks only partition of the inventoried items; 2) in failing to order Mrs. Stead-man to surrender all of the inventoried movables in her possession; 3) in signing a judgment ordering surrender of community assets which was at variance with oral instructions ordering surrender of inventoried assets; 4) and, finally, in ordering defendant to surrender possession of community property in his possession within five days of judgment, while ordering Mrs. Steadman to surrender possession of an automobile within 10 days of the auction.
The community consists of the family home, household furnishings, a family automobile and a dog. Admitted in defendant’s brief is the fact that the real property cannot be divided in kind. According to the inventory, the listed movables and real property constitute all of the community of acquets and gains existing between the parties. Mrs. Steadman testified that the inventoried assets and community assets are one and the same. Accordingly, we find nothing in the record to support defendant’s contention that the community contains any other assets than those listed in the inventory.
Although the written judgment ordered the parties to deliver to the auctioneer all movables listed in the inventory, as well as all of the community assets, there exists nothing in the record, other than defense counsel’s assertion, that additional community assets, not mentioned in the inventory, existed. The trial judge’s oral reasons for judgment clearly indicated that his order was to apply to all movable property inventoried, and that any subsequently discovered community property could be settled in a separate lawsuit.
Partition proceedings are governed by LSA-C.C.P. art. 4605 which provides:
Art. 4605. Preference; appointment of notary; discretion of court
“A partition proceeding shall be tried with preference over other ordinary proceedings.
“After the trial of the proceeding, if the court finds that the plaintiff is entitled to a partition of the property, the court shall appoint a notary to make the partition in accordance with law.
“Except as otherwise provided in Article 4606, the court has discretion to direct the manner and conditions of effecting the partition, so that it will be most advantageous and convenient to the parties.”
and LSA-C.C.P. art. 4606 which states:
Art. 4606. Partition in kind
“Except as otherwise provided by law, or unless the property is indivisible by nature or cannot conveniently be divided, the court shall order the partition to be made in kind.”
These articles provide the trial judge with discretion to direct the manner and conditions affecting the partition. In the instant case, the trial judge properly ordered a partition by licitation and surrender of the inventoried community assets. We do not quarrel with the order directing the wife to surrender the automobile 10 days prior to the date of auction and to surrender the dog on the date of the auction. We are not in agreement, however, with the further order directing the movable inventoried property in the possession of the husband to be delivered to the auctioneer within five days after the date of the judgment. We are mindful that in answer to the court’s questions, Steadman was evasive with respect to making the movable property available to prospective purchasers and that Steadman appeared to be less than cooperative. Nevertheless, we fail to find it necessary to order the surrender of the movable property *559 in Steadman’s possession earlier than 10 days prior to the auction.
Accordingly, defendant is ordered to deliver to the auctioneer all of the movables in his possession that are listed in the inventory not later than 10 days prior to the auction date to be set by the trial judge. In all other respects, the judgment is affirmed.
AMENDED AND AFFIRMED.